UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. K. WADE,<br><br>        Plaintiff,<br><br>    v.<br><br>EDWARD HUGLER, Acting Secretary,<br>U.S. Department of Labor, et al.,<br><br>        Defendants. | No. 2:16-cv-2354 TLN DB PS<br><br><br>ORDER |

Plaintiff, E. K. Wade, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Noticed for hearing before the undersigned on June 9, 2017, is defendants' March 15, 2017 motion to dismiss. (ECF No. 12.)

However, plaintiff's amended complaint identifies this action as being filed in the United States District Court for the Norther District of California. (ECF No. 5 at 1.) The amended complaint also alleges that "[t]his lawsuit should be assigned to the Northern Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Alameda County." (Id. at 3.) Moreover, defendants' motion to dismiss asserts that this "action continues a series of actions filed by Wade in the Northern District of California, alleging discrimination in employment," (ECF No. 12-1 at 2), and that this action may have been

1 | commenced in this district so that plaintiff could "circumvent the filing restrictions he was under
2 | in the Northern District." (Id. at 5.)
3 |      Venue in a civil action is generally proper in (1) a judicial district where any defendant
4 | resides, if all defendants reside in the same State in which the district is located, (2) a judicial
5 | district in which a substantial part of the events or omissions giving rise to the claim occurred or
6 | (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the
7 | action is commenced, if there is no district in which the action may otherwise be brought. 28
8 | U.S.C. § 1391(b). However, a Federal Tort Claims Act cause of action against the United States
9 | may only be brought in the district in which plaintiff resides or wherein the alleged act or
10 | omission occurred. 28 U.S.C. § 1402(b). Nonetheless, "[f]or the convenience of parties and
11 | witnesses, in the interest of justice, a district court may transfer any civil action to any other
12 | district or division where it might have been brought or to any district or division to which all
13 | parties have consented." 28 U.S.C. § 1404(a).
14 |      Here, given the amended complaint's allegations, plaintiff's litigation history, and the
15 | possibility that plaintiff commenced this action in this district to circumvent filing restrictions, it
16 | appears to the undersigned that this action should be transferred to the United States District
17 | Court for the Northern District of California. The parties, however, will first be given an
18 | opportunity to address this issue.
19 |      Accordingly, IT IS HEREBY ORDERED that:
20 |      1. Within fourteen days of the date of this order any party may file objections to the
21 | transfer of this action to the United States District Court for the Northern District of California;
22 | and
23 | ////
24 | ////
25 | ////
26 | ////
27 | ////
28 | ////

2. The June 9, 2017 hearing of defendants' motion to dismiss (ECF No. 12) is continued to **Friday, July 28, 2017, at 10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned.

Dated: June 6, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/wade2354.cont.hrg.transfer